UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID CULLEN,

                      Plaintiffs

v.                                   **DECISION AND ORDER**
                                                 14-CV-464S

VERIZON COMMUNICATIONS,[1]

                      Defendants.

## INTRODUCTION

In this action, filed on June 16, 2014, Plaintiff alleges that his former employer failed to accommodate his disability and terminated his employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq., and the New York Human Rights Law, N.Y. EXEC. LAW §§ 290 et seq. Defendant has moved to dismiss the Complaint, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and the Court has determined oral argument is unnecessary. For the reasons stated, the motion is granted.

## DISCUSSION

### A.    Standard of Review

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal pleading standards are generally

---

[1] Defendant states it is properly referred to as Verizon New York, Inc.

1

not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 446 U.S. at 129 S.Ct. at 678. The plausibility standard is not, however, a probability requirement: the pleading must allege more than "a sheer possibility that a defendant has acted unlawfully." Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**B.     The Parties' Submissions**

1. Plaintiff's Complaint

In accordance with the standard set forth above, the following factual allegations are presumed true for purposes of assessing the sufficiency of Plaintiffs' Complaint.

Plaintiff suffers from alcoholism. Defendant became aware of Plaintiff's alcoholism when Plaintiff lost his driver's license. From August 2012 through January 31, 2013, Defendant accommodated Plaintiff by not requiring that he perform "on the road" duties. Defendant terminated Plaintiff's employment on January 31, 2013.

Based on these facts, Plaintiff alleges that Defendant unlawfully ceased accommodating his disability, and unlawfully terminated him because of his disability.

2. Defendant's Motion

In support of its motion to dismiss, Defendant has filed a memorandum of law and an affidavit with exhibits. Plaintiff does not object to the Court's consideration of the exhibits. But, Rule 12(d) of the Federal Rules of Civil Procedure provides that: "If, on a motion under Rule 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Therefore, this Court must determine how this motion will be treated.

For purposes of Rule 12(d), "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.

1995) (per curiam) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)); see Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. Int'l Audiotext, 62 F.3d at 72; see Cortec Indus., 949 F.2d at 48 ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."). It also is well-settled that, "in considering a motion to dismiss, the Court is entitled to take judicial notice of . . . documents filed in other courts and other public records." Reyes v. Fairfield Properties, 661 F. Supp. 2d 249, 255 n.1 (E.D.N.Y. 2009) (collecting cases).

The first exhibit, a criminal history report, is a document of which the Court may take judicial notice. The Court declines to do so here. I am unable to ascertain, based on the dates and information contained in the report, that any noted event or consequence relates to the time period at issue here. Next is a letter addressed to Plaintiff from an unidentified source. It is not referenced in the Complaint, nor is there any indication that Plaintiff relied heavily upon its content and effect in drafting his pleading. Last is a letter on Verizon letterhead. It is not addressed to Plaintiff, and there is no indication he was copied on the communication nor that it is integral to the Complaint. Accordingly, all are excluded, and the motion is considered under the Rule 12(b)(6) standard.

**C.     Analysis**

The ADA prohibits discrimination against a "qualified individual with a disability because of the disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Here, Plaintiff alleges Defendant discriminated against him in two ways, by failing to accommodate him and by terminating his employment.

To state a claim for discrimination based on a failure to accommodate, a plaintiff must allege that: "(1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 (2d Cir. 2006) (quotation marks and citation omitted) (alteration added). To state a claim based on an adverse action, a plaintiff must allege that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of disability or perceived disability." Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005). An essential element common to these claims is that Defendant sufficiently alleged he is disabled within the meaning of the ADA. Plaintiff maintains he has not done so.

Under the ADA, the term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C.

5

§ 12102(1). Alcohol addiction is recognized as an "impairment" under the ADA. Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002) ("Alcoholism . . . is an 'impairment' under the definitions of a disability set forth in the . . . ADA . . . ."). But, it is not a per se disability, and a plaintiff must show not only that he was addicted to alcohol, but that the addiction substantially limits one or more major life activities. Id. at 47 (citing Buckley v. Consolidated Edison Co. of New York, 127 F.3d 270, 273 (2d Cir. 1997)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

As Defendant correctly notes, the Complaint does not plead any facts indicating that Plaintiff's alleged alcoholism limited one or more of his major life activities. Thus, he "has not plausibly pleaded that [he] is disabled within the meaning of the ADA." Kelly v. North Shore-Long Island Health Sys., 2014 U.S. Dist. LEXIS 85447, 2014 WL 2863020, at *7 (E.D.N.Y. June 22, 2014) (dismissing disability discrimination claim without prejudice); see also, Fonseca v. City of Chico, 2014 U.S. Dist. LEXIS 80150, 2014 WL 2574610, at *3 (E.D. Ca. June 9, 2014) (dismissing ADA discrimination claim where plaintiff did not allege facts to support that his alcoholism limited any major life activity); Baptista v. Hartford Bd. of Educ., 2009 U.S. Dist LEXIS 62501, 2009 WL 2163133, at *6–7 (D. Conn. July 21, 2009) (same), aff'd 427 F. App'x 39 (2d Cir.2011).

In his response, Plaintiff suggests that the cases cited by Defendant rely on a definition of disability that was expressly rejected in the 2008 amendments to the ADA.

6

(Docket No. 7 at 3.) The statutory amendments to which Plaintiff refers broadened the then-prevailing understanding of "substantial limitation." Plaintiff's position is unpersuasive for two reasons. First, some of Defendant's cited cases post-date the 2008 amendments, and Plaintiff has not identified any such case that applied an incorrect or outdated standard. Second, Defendant's argument is not that Plaintiff identified limitations on daily activities that are not sufficiently "substantial," but that he has not pled any limitation whatsoever. Without facts supporting the existence of a substantial limitation, Plaintiff's allegations do not plausibly suggest the existence of a disability, and dismissal of his ADA discrimination claims is warranted.

In light of this conclusion, the Court need not consider Defendant's further arguments that Plaintiff also has not sufficiently alleged a failure to accommodate a disability or that Verizon terminated him because of a disability.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss Plaintiff's ADA claim is granted. The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). If Plaintiff wishes to replead, he must do so within thirty (30) days of the date of this Decision and Order. If he fails to do so, the ADA claim will be dismissed with prejudice, and the NYHRL claim will also be dismissed inasmuch as this Court declines to exercise supplemental jurisdiction absent a federal claim.

IT HEREBY IS ORDERED that Defendant Verizon's Motion to Dismiss (Docket No. 5) is GRANTED;

FURTHER that Plaintiff is afforded an opportunity to replead within thirty (30) days of the date of this Decision and Order;

FURTHER that if Plaintiff does not file an Amended Complaint within the time provided, the Complaint will be dismissed in its entirety, without further order.

FURTHER that dismissal of Plaintiff's ADA claim will be with prejudice.

SO ORDERED.

Dated    November 21, 2014
         Buffalo, New York

                                                        /s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                        Chief Judge
                                                        United States District Court