UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID CULLEN,

                          Plaintiffs

          v.                                          **DECISION AND ORDER**
                                                            14-CV-464S
VERIZON COMMUNICATIONS,[1]

                          Defendants.


## INTRODUCTION

In this action, filed on June 16, 2014, Plaintiff alleges that his former employer failed to accommodate his disability and terminated his employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the New York Human Rights Law, N.Y. EXEC. LAW §§ 290 et seq. Presently before this Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   This Court previously granted Defendant's motion to dismiss Plaintiff's initial complaint for failure to state a claim, without prejudice to Plaintiff filing an amended pleading.   That Amended Complaint was filed on December 19, 2014.

The Court finds that the motion is fully briefed and oral argument is unnecessary. For the reasons stated, the motion is granted.

---

[1] Defendant states it is properly referred to as Verizon New York, Inc.

1

**DISCUSSION**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), *cert denied*, 554 U.S. 930 (2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 446 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." Id. at 678. Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

The ADA[2] prohibits discrimination against a "qualified individual on the basis of disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Here, Plaintiff alleges Defendant discriminated against him in two ways: by failing to accommodate him and by terminating his employment.

To state a claim for discrimination based on a failure to accommodate, a plaintiff must allege that: "(1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 184 (2d Cir. 2006) (quotation marks and citation omitted). To state a claim based on an adverse action, a plaintiff must allege that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of disability or perceived disability." Capobianco v. City of N.Y., 422 F.3d 47, 56 (2d Cir. 2005).

An essential element common to both claims is that Plaintiff must sufficiently allege that he is disabled within the meaning of the ADA. Under the ADA, the term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life

---

[2] A claim of disability discrimination under New York State Human Rights Law is governed by the same standards as those governing ADA claims. Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n. 3 (2d Cir. 2006).

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).

In Plaintiff's initial Complaint, he alleged that: (1) he suffered from a disability, specifically alcoholism; (2) Defendant, a covered employer, was notified of Plaintiff's disability when Plaintiff lost his driver's license; (3) from August 2012 through January 31, 2013, Defendant provided Plaintiff with the reasonable accommodation of not assigning him "on the road" duties; and (4) Defendant unlawfully ceased accommodating Plaintiff and terminated him on January 31, 2013. (Compl ¶¶ 8-15.)

As stated in this Court's decision on Defendant's first motion to dismiss, although alcohol addiction is recognized as an "impairment" under the ADA, it is not a *per se* disability. Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002), *superseded by statute on other grounds*, ADA Amendments of 2008, Pub.L. No. 110–325, 122 Stat. 3553. Accordingly, a plaintiff must show not only that he was addicted to alcohol in the past, but that the addiction substantially limits one or more major life activities. Id. at 47 (citing Buckley v. Consolidated Edison Co. of New York, 127 F.3d 270, 273 (2d Cir. 1997)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).   In light of this standard, this Court previously granted dismissal of the original Complaint because Plaintiff had failed to plead any facts indicating that his alleged alcoholism limited one or more of his major life activities.   That dismissal was without prejudice, and Plaintiff timely filed an Amended

4

Complaint in accordance with this Court's Decision and Order.

The Amended Complaint, however, adds only the allegation that Plaintiff's "alcoholism has affected his cognitive abilities, the ability to care for himself, his ability to drive and his ability to work." (Am Compl ¶¶ 20, 28.)   As Defendant argues, this vague assertion that Plaintiff's alcoholism merely "affected" certain abilities is unsupported by any specific facts which would plausibly support a conclusion that one or more major life activities were *significantly* limited by the alleged impairment.   See Dancause v. Maount Morris Cent. Sch. Dist., 590 F. App'x 27, 28 (2d Cir. 2014) (allegations that periodontal disease caused "anxiety and depression" and prevented the plaintiff from "*adequately* communicating, sleeping, eating, reading, thinking, concentrating and interacting with others" failed to provide a plausible factual basis that the alleged impairment substantially limited any major life activity (emphasis added)).

Plaintiff argues that he has sufficiently alleged that his alcoholism substantially limited a major life activity, specifically his ability to work, because "Defendant terminated [Plaintiff], because he lost his driver's license, because he was arrested for DWI, because he drank and drove, because of his alcoholism." (Pl's Mem in Opp'n at 4 (emphasis removed).) Initially, this reasoning is circular, and fails to support a conclusion that, prior to his termination, Plaintiff suffered from a qualifying disability for ADA purposes. Further, as Defendant notes in its reply (Def's Reply Mem at 3), even the case on which Plaintiff relies highlights the fallacy of this argument.   In Despears v. Milwaukee County, the plaintiff argued that:

> alcoholism caused him to drive under the influence of alcohol; driving under
> the influence of alcohol caused him to lose his driver's license; losing his

> driver's license caused him to be demoted; therefore alcoholism was the
> cause of his being demoted; therefore he was discriminated against by his
> employer on account of a disability, in violation of the statutes.

63 F.3d 635, 636 (7th Cir. 1995) (Posner, J.) (cited in Pl's Mem in Opp'n at 5).   While

recognizing that "an alcoholic is more likely than a nonalcoholic to lose his license

because of drunk driving," the Seventh Circuit also found that "a cause is not a

compulsion (or sole cause)." Despears, 63 F.3d at 636.   As such:

> [W]e think the latter is necessary to form the bridge that [the plaintiff] seeks
> to construct between his alcoholism and his demotion. If being an alcoholic
> he could not have avoided becoming a drunk driver, then his alcoholism
> was the only cause of his being demoted, and it would be as if the
> employer's regulation had said not that you must have a valid driver's
> license to be a maintenance worker but that you must not be an alcoholic.
> But [the plaintiff's] alcoholism was not the only cause of his being convicted
> of drunk driving. Another cause was his decision to drive while drunk.

Id.   Similarly, here, the brief allegation that Plaintiff was arrested once for driving while

intoxicated and lost his driver's license is insufficient to plausibly allege that he suffered

from an ongoing impairment that significantly – and involuntarily – limited his ability to

work.   Dismissal is therefore warranted.


**CONCLUSION**

For the reasons stated, Defendant's motion to dismiss the Amended Complaint is

granted.   Further, because leave to replead has already been granted once, the Court

finds that dismissal with prejudice is warranted.

**ORDERS**

IT HEREBY IS ORDERED that Defendant Verizon's Second Motion to Dismiss for

Failure to State a Claim (Docket No. 14) is GRANTED and the Amended Complaint is

dismissed;

FURTHER that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:    July 24, 2015
          Buffalo, New York

                                                    /s/William M.Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge