UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID CULLEN,

                  Plaintiff,

v.                                         **DECISION AND ORDER**
                                                        14-CV-464S

VERIZON COMMUNICATIONS

                  Defendant.

1. Plaintiff alleges that his former employer failed to accommodate his disability and terminated his employment in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq. Presently before this Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the July 24, 2015 Decision and Order granting Defendant's motion to dismiss the Amended Complaint. The decision to grant or deny a motion for reconsideration is within the sound discretion of a district court judge. Salamon v. Our Lady of Victory Hosp., 867 F.Supp.2d 344, 360 (W.D.N.Y. 2012); American ORT, Inc. v. ORT Israel, No. 07-CV-2332, 2009 WL 233950, *3 (S.D.N.Y. Jan. 22, 2009). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Thus, "reconsideration may be granted to correct a clear error, or prevent manifest injustice." Salamon, 867 F.Supp.2d at 360.

1

2. Defendant's dismissal motion was granted on the ground that Plaintiff failed to sufficiently plead that he suffered from a qualifying disability. Plaintiff argues that this decision constituted clear error in that it improperly imposed a heightened pleading standard not required by Iqbal or Twombly. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Specifically, Plaintiff argues that he sufficiently stated that "his alcoholism is a disability. This is an assertion of fact that must be accepted as true. The Decision has no factual basis, nor authority to presume it to be false at the pleading stage." (Docket No. 20-1 at 7.) That Plaintiff suffers from alcoholism is absolutely a factual allegation this Court must – and did – accept as true. See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008), *cert denied*, 554 U.S. 930 (2008). However, the bare assertion that Plaintiff's alcoholism constitutes a disability within the meaning of the ADA is a legal conclusion to which no deference is afforded. This is because, although considered an impairment under the ADA, alcoholism is not recognized as a *per se* disability. See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46-47 (2d Cir. 2002), *superseded by statute on other grounds*, ADA Amendments of 2008, Pub.L. No. 110–325, 122 Stat. 3553. Instead, to plausibly state that he was entitled to pursue relief under the ADA, Plaintiff was required to allege sufficient factual matter to allow for the reasonable inference that his alcoholism substantially limited one or more major life activities. (Docket No. 18 at 4-6); see Rodriguez v. Verizon Telecom, No. 13-CV-6969 (PKC)(DCF), 2014 WL 6807834, at *4 (S.D.N.Y. Dec. 3, 2014) (dismissal warranted where plaintiff failed to "provide[] any facts showing how his drug addiction and alcoholism substantially limit[ed] one or more of his

major life activities"); <u>Johnson v. New York Presbyterian Hosp.</u>, No. 00 CIV. 6776 (LAP), 2001 WL 829868, at *4 (S.D.N.Y. July 20, 2001) (fact that plaintiff had a history of alcoholism alone insufficient to sufficiently state a disability within the meaning of the ADA), *aff'd,* 55 F. App'x 25 (2d Cir. 2003); <u>see generally</u> <u>Iqbal</u>, 556 U.S. at 678. Accordingly, reconsideration of the July 24, 2015 Decision and Order is unwarranted.

    IT HEREBY IS ORDERED that Plaintiff's motion for reconsideration (Docket No. 20) is DENIED.

    SO ORDERED.

    Dated: November 21, 2015
    Buffalo, New York

                            <u>/s/William M. Skretny</u>
                              WILLIAM M. SKRETNY
                              United States District Judge